| | |
|---|---|
| SCOTT JOHNSON, | No. 2:17-cv-01256-MCE-CKD |
| Plaintiff, | |
| v. | **ORDER** |
| JERI OISHI, in her individual and representative capacity as trustee of the Jeri and Noboru Oishi Trust; ALOHA FLOWERS, INC., a Texas Corporation; and Does 1-10, | |
| Defendants. | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Through the present lawsuit, Plaintiff Scott Johnson, an individual with significant physical disabilities, claims he was denied access to the Enchanted Florist shop located at 10789 Emerald Bay Road in Lake Tahoe, California, in contravention of the provisions of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. and California's Unruh Civil Rights Act, as codified at California Civil Code §§ 51-53. According to Plaintiff's Complaint, the florist shop was owned by Defendant Aloha Flowers, Inc. and operated on premises owned by Defendant Jeri Oishi, as Trustee of the Jeri and Noboru Oishi Trust.

///

///

1

Presently before the Court is Plaintiff's Motion for Leave to File First Amended Complaint in this matter pursuant to Federal Rules of Civil Procedure 15(a).[1]  Plaintiff claims that he was deterred from visiting the Enchanted Florist on four different occasions between September and November of 2015.  After filing his lawsuit on June 19, 2017, however, Defendants filed a Motion to Dismiss on September 19, 2017, alleging that at least some of the architectural barriers to access detailed in Plaintiff's Complaint no longer exist.  According to Plaintiff's counsel, after receiving the defense motion, he directed his investigator to revisit the property and that reinspection allegedly occurred approximately two weeks later, on October 2, 2017.  Plaintiff contends that the reinspection revealed that certain accessible parking issues remain unresolved, and that the site additionally lacks an accessible path of travel from the disabled parking area to the florist shop itself.  Plaintiff accordingly seeks leave to amend his Complaint to clarify these issues, and indicates that defense counsel declined to stipulate to the proposed First Amended Complaint.

Rule 15(a), under which Plaintiff's Motion is brought, provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  The policy of favoring amendments to pleadings, as evinced by Rule 15(a), "should be applied with extreme liberality." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).  But once a district court has filed a pretrial scheduling order pursuant to Rule 16, that Rule's standards control. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).  Under Rule 16, prior to the final pretrial conference in this matter, which has not yet been scheduled before the undersigned, the Court can modify its scheduling order upon a showing of "good cause." See Fed. R. Civ. P. 16(b).

Here, the Court issued its Pretrial Scheduling Order on June 19, 2017, the same day Plaintiff's Complaint was filed.  One could therefore argue that on a technical basis Plaintiff has to satisfy the more rigorous "good cause" standard under Rule 16(b) despite

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

the fact that the Court's Scheduling Order was issued at the very onset of the case, and further provided no restriction upon the parties' initial ability to amend their pleadings. Nonetheless, because the Court believes that Plaintiff has satisfied the "good cause" standard in any event, any distinction between Rule 15(a) and Rule 16(b) is of no moment in this particular matter.

"Unlike Rule 15(a)'s liberal amendment policy, which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. In explaining this standard, the Ninth Circuit has stated that:

> [A] district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modifications. If that party was not diligent, the inquiry should end.

Id. (citations omitted).

In the present matter it appears that Plaintiff has exercised the requisite diligence. Within two weeks after receiving notice through Plaintiff's Motion to Dismiss that some of the access barriers had allegedly been rectified, Plaintiff's counsel had the property reinspected. In addition, just over a month after that reinspection occurred, counsel had both drafted a proposed First Amended Complaint and sent that amended pleading to defense counsel requesting that counsel stipulate to its filing. These actions satisfy the Court that Plaintiff was diligent in seeking amendment.

Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 11) is consequently GRANTED.[2] Plaintiff is directed to file its Proposed First Amended Complaint not later than ten (10) days after the date this Order is electronically filed. In

---

[2] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

3

addition, because Plaintiff's original Complaint is no longer the operative pleading in this matter, Plaintiff's Motion to Dismiss said Complaint (ECF No. 7) is DENIED as moot. Defendants can renew said Motion to Dismiss should it be appropriate to do so after Plaintiff's First Amended Complaint has been filed.

IT IS SO ORDERED.

Dated: May 15, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE