UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>JERI OISHI, an individual and representative capacity as trustee of the Jeri and Noboru Oishi Trust; and ALOHA FLOWERS, INC., a Texas Corporation.<br><br>        Defendants. | No. 2:17-cv-01256-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

      Plaintiff Scott Johnson ("Plaintiff") initiated this action against Defendant Jeri Oishi in his individual and representative capacity as Trustee of the Jeri and Noboru Oishi Trust and Aloha Flowers, Inc. (collectively "Defendants"), seeking injunctive relief for violations of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101, et seq. and California's Unruh Civil Rights Act, as codified at California Civil Code §§ 51–53. He claims he was denied access to Enchanted Florist ("the Store"), a shop located at 1079 Emerald Bay Road in Lake Tahoe, California, that is owned by Defendants. Presently

///

///

///

1

before the Court is Defendants' Motion to Dismiss for lack of subject matter jurisdiction (ECF 19-1).  As set forth below, Defendants' Motion is GRANTED.[1]

## BACKGROUND[2]

Plaintiff is a quadriplegic who cannot walk and has significant dexterity impairments.  He uses a wheelchair for mobility and has a specially equipped van.

Plaintiff avers that he visited the Store on four different occasions between September and November of 2015 and encountered barriers to access.  More specifically, Plaintiff claims that Defendants have allowed the paint identifying the handicap parking space to fade. Plaintiff also claims that the wheelchair access ramp attached to the store building is out of compliance with the ADA's maximum slope of 8.3 percent.  According to Plaintiff, these defects have deterred him from patronizing Defendants' store.  As a result, Plaintiff initiated this action alleging violations of state and federal law.  Defendants now move to dismiss Plaintiff's ADA claims on two grounds.

First, Defendants contend that because the handicap parking space has been repainted and they have entered into an agreement with a contractor to repaint the spot every year, Plaintiff's claim regarding the parking space is moot. Decl. of Jeri Oishi, ECF 19-2 ¶ 4.  Second, Defendants point out that the South Lake Tahoe Building Division ("the Division"), an enforcing agency, determined that rebuilding the ramp to fully comply with the ADA would be a hardship because it would require extending the ramp into the drive aisle of the parking lot, impeding vehicle access into the lot.  Decl. of Kristin Blocher, ECF 19-3 at 4.  Additionally, the Division determined that because the ramp exceeded the maximum slope limit under the ADA by only three-fourths of a percent, it

---

[1] Having determined that oral argument would not be of material assistance, Defendants' Motion was submitted on the briefs in accordance with E.D. Local Rule 230(g).

[2] Unless otherwise indicated, the following facts are taken, at times verbatim, from Plaintiff's First Amended Complaint.  ECF 18.

provided an "equivalent means of access" and was therefore exempt from ADA compliance. Id. Defendants argue that given the Division's finding, the Plaintiff's claim as to the access ramp is moot as well. Defendants thus ask the Court to dismiss Plaintiff's ADA claims for lack of subject matter jurisdiction and to decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff responds by arguing that Defendants' remedial measures do not sufficiently demonstrate that the violation will not recur and that the Division is not qualified to determine exemptions under the ADA.

**STANDARD**

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. Id. Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating Eng'rs v. Cty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack and a factual attack. Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979). Thus, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings. Id.

When a party makes a facial attack on a complaint, the attack is unaccompanied by supporting evidence, and it challenges jurisdiction based solely on the pleadings. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the motion to

dismiss constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true, and determine whether they establish subject matter jurisdiction. Savage v. Glendale High Union Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). In the case of a facial attack, the motion to dismiss is granted only if the nonmoving party fails to allege an element necessary for subject matter jurisdiction. Safe Air for Everyone, 373 F.3d at 1039.

In the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations." Thornhill, 594 F.2d at 733 (internal citation omitted). The party opposing the motion has the burden of proving that subject matter jurisdiction does exist, and must present any necessary evidence to satisfy this burden. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). If the plaintiff's allegations of jurisdictional facts are challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the mere assertion that factual issues may exist. Trentacosta v. Frontier Pac. Aircraft Ind., Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Exch. Nat'l Bank of Chi. v. Touche Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)). Furthermore, the district court may review any evidence necessary, including affidavits and testimony, in order to determine whether subject matter jurisdiction exists. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988); Thornhill, 594 F.2d at 733. If the nonmoving party fails to meet its burden and the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

However, "jurisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." Safe Air for Everyone, 373 F.3d at 1039 (internal citations and quotations omitted). "The question of jurisdiction and the merits of an action are intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." Id. at 1039-40 (internal citations and quotations omitted).

"A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'" Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983)). "In such a case, the district court assumes the truth of allegations in a complaint . . .unless controverted by undisputed facts in the record." Id. "Dismissal is then appropriate where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (internal quotations and citations omitted). "This standard, often cited in Rule 12(b)(6) motions, . . . is equally applicable in motions challenging subject matter jurisdiction when such jurisdiction may be contingent upon factual matters in dispute." Id. If, after this threshold inquiry, subject matter jurisdiction is not precluded, the Court may entertain arguments "on either a motion going to the merits [,i.e., a summary judgment motion,] or at trial." Id. at 1178.

"Mootness is a jurisdictional issue, and federal courts have no jurisdiction to hear a case that is moot." Foster v. Carson, 347 F.3d 742, 745 (9th Cir. 2003). A claim is moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). Specifically, because a plaintiff can only obtain injunctive relief under the ADA, see Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011), the defendant's voluntary cessation of an ADA violation may effectively moot a plaintiff's ADA claim. Id.

The central question in determining whether an ADA claim is now moot is whether changes in circumstances since Plaintiff filed suit have "forestalled any meaningful relief." Moeller v. Taco Bell Corp., 816 F. Supp. 2d 831, 860 (N.D. Cal. 2011) (citing West v. Sec'y of Dep't of Transp., 206 F.3d 920, 925 (9th Cir. 2000)). "[W]hen a defendant's voluntary cessation of a challenged activity is the basis for mootness, it is the defendant's burden to show 'subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" Johnson v. Tackett, 272 F. Supp. 3d 1198 (E.D. Cal. 2017) (citing Friends of the Earth, Inc. v.

Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000)). There is a "heavy burden" on the defendant to persuade the court that, because of their remedial efforts, the challenged conduct cannot be reasonably expected to recur. Id. In determining whether a violation can reasonably be expected to recur, the Court considers whether the defendant has spent considerable sums of money altering the property to comply with the ADA, as well as the defendant's history of compliance. See Id. at 1203–04.

## ANALYSIS

Defendants contend dismissal is warranted because they have remedied the barriers that provide the basis for Plaintiff's request for injunctive relief under the ADA and, consequently, for this Court's federal question jurisdiction. In opposition, Plaintiff argues that Defendants' jurisdictional challenge is inappropriate under Rule 12(b)(1) because Defendants have not established facts demonstrating that the facilities have been made compliant or that the violations will not recur. Pl.'s Opp'n to Defs.' Mot. Dismiss, ECF No. 21. Plaintiff thus contends that a genuine issue of fact remains regarding whether the fading of the paint on the parking space sign can be reasonably expected not to recur and whether the defendant truly remedied the access ramp's excessive slope. Id.

### A. The Parking Space

"[M]erely because a handicap parking space has been freshly painted again, does not mean that it will also not be permitted to fade away or be painted over once the smoke clears from this case. Parking painting is not permanent and always in flux." ECF No. 21 at 15. But Defendants have provided facts demonstrating that the faded parking paint is unlikely to recur. Defendants have entered into an agreement with a contractor to repaint the parking lot annually regardless of whether the paint has faded. ECF No. 19-2, ¶ 4. The Court is satisfied that Defendants' agreement to repaint the parking space every year forecloses any argument that the complained violation is likely to recur.

6

1 | Additionally, Defendants do not have a history of noncompliance. To the contrary, Defendants have demonstrated a commitment to bringing the Store into ADA compliance. Defendants purchased the 50-year-old building in 2002 and immediately renovated the Store, adding the access ramp and handicap parking spaces with appropriate signage and markings. Id. at ¶ 1. Indeed, upon notice of Plaintiff's complaint, Defendants promptly repainted the parking area and entered into an agreement with the contractor to repaint the lot every year. Id. at ¶ 3.

Defendants also spent a considerable sum of money to renovate the Store and parking lot and will continue to pay a contractor annually every time the parking lot is painted. In Houston v. 7–Eleven, Inc., No. 13-60004, 2014 WL 351970 (S.D. Fla. Jan. 31, 2014), the court held that given that defendant spent a considerable amount of money to renovate their store parking lot to comply with ADA requirements, combined with the defendant's "adequate policies and practices in place to ensure" compliance, it was not reasonable to expect the violations to recur. Id. at *3. Similarly, Defendants here have a policy in place—an annual agreement with a contractor to repaint the parking lot—to properly maintain ADA compliance. ECF 19-2, ¶ 4.

Given Defendant's history of complying with ADA requirements and the considerable sums of money spent on bringing the parking lot into compliance, the Court has no reason to believe the handicap parking space will not remain in compliance. Accordingly, the Court is convinced that the violations could not reasonably be expected to recur. Therefore, Plaintiff's claim pertaining to the parking space is moot.[3]

///
///
///

---

[3] In his response to Defendants' Motion to Dismiss, Plaintiff also argues that Defendants have not demonstrated that the newly painted parking space complies with the ADA's required dimensions. ECF No. 21 at 6–7. Because Plaintiff limited his complaints to the lack of clearly painted lines, the Court will not consider this argument. See Oliver, 654 F.3d at 908–09 ("Where the claim is one of discrimination under the ADA due to the presence of architectural barriers at a place of public accommodation, we have held that the relevant 'grounds' are the allegedly non-compliant architectural features at the facility.").

**B. The Access Ramp**

Defendants argue that although the access ramp leading to the Store exceeds the ADA's maximum slope of 8.3 percent, the access ramp is "no longer a legally recognized barrier to Plaintiff's access to the Store." ECF No. 19-1 at 4. The Division found that reconstructing the ramp to comply with ADA standards would be a hardship because it would require the ramp to extend into the parking lot drive aisle, impeding vehicles from traveling in and out of the parking lot. ECF No. 19-3. Additionally, the Division concluded that the current ramp provides for equivalent means of access as it only exceeds the maximum slope by three-fourths a percent for 14 feet. Id. Therefore, Defendants take the position that because the access ramp is technically no longer noncompliant, Plaintiff's claim pertaining to the ramp is moot.

Plaintiff's only argument in response is that the Division does not have the authority to relieve defendants of the requirements of federal law. ECF No. 21 at 15. The Court rejects Plaintiff's argument, because the engineer who surveyed the Store on behalf of the Division is a Certified Access Specialist with specialized knowledge of accessibility standards whose job is to make such determinations. ECF 19-3 at 4. Given the Division's determination that the access ramp provides an equivalent means of access, the Court finds that the ramp is no longer in violation of the ADA. Accordingly, Plaintiff's claim as to the access ramp is moot.

**CONCLUSION**

For the reasons just stated, Defendants' Motion to Dismiss (ECF No. 7) is GRANTED. Inasmuch as the Court does not believe that the shortcomings of Plaintiff's Complaint can be rectified through amendment, no leave to file an amended pleading will be permitted.[4] Moreover, because the Court has dismissed Plaintiff's ADA claims as

---

[4] While leave to amend is normally freely given, where, as here, any such amendment would constitute an exercise in futility, leave need not be provided. Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989).

moot, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Since the case has now been concluded in its entirety, the Clerk of Court is directed to close the file.

IT IS SO ORDERED.

Dated: January 22, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE